# EXHIBIT C

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERY SPINDEL, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ALDERFER FAMILY FARM LLC, *et al.*,<br><br>*Defendants*. | Case No. 7:23-cv-10710-PMH<br><br>District Judge Philip M. Halpern<br>Magistrate Judge Judith C. McCarthy |

## DECLARATION OF KIM E. RICHMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, APPOINTMENT OF JEFFREY SPINDEL AS CLASS REPRESENTATIVE, APPOINTMENT OF RICHMAN LAW & POLICY AS CLASS COUNSEL, <u>AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

I, Kim E. Richman, hereby declare:

1.     I am the founding and managing Member of Richman Law & Policy, who serve as attorneys for Plaintiff Jeffrey Spindel ("Plaintiff" or "Spindel") in this action. All the facts stated herein are based on my personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.     Plaintiff and Defendants Alderfer Family Farm, LLC and Alderfer Poultry Farm, Inc. (collectively, "Alderfer" or "Defendants") have reached agreement on the terms of a settlement to resolve this case, which are contained in the Proposed Class Action Settlement Agreement (the "Settlement Agreement") attached as **Exhibit A** to Plaintiff's Motion for Preliminary Approval of Class Action Settlement. I respectfully submit this Declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed concurrently with this Declaration.

3.     Mr. Spindel filed this action against Alderfer, on behalf of a putative class of New York purchasers of Alderfer egg Products, (as defined in the Settlement Agreement) on December 8, 2023. In the action, Plaintiff Spindel alleges that, contrary to the impression created by a representation that Alderfer's egg-laying hens are "Free Roaming," the Products come from hens who have no outdoor access or minimal semi-outdoor access. (Compl. ¶¶ 26-27.)

4.     On December 1, 2023, the nonprofit public interest organization Animal Outlook filed a consumer protection action in District of Columbia Superior Court, captioned *Animal Outlook v. Alderfer*, No. 2023-CAB-007338 (D.C. Super. Ct.) (the "Nonprofit Action"). The Nonprofit Action is premised on the same allegations as Mr. Spindel's Complaint but seeks only declaratory and injunctive relief. Richman Law & Policy serves as counsel to plaintiffs in both actions.

5.     Alderfer answered Mr. Spindel's Complaint on February 2, 2024, and the parties commenced discovery. Moving on a parallel track, the parties also engaged in arms'-length negotiations to resolve the case, beginning with Alderfer's January 16, 2024 proposal. Plaintiff Spindel responded in a letter dated February 7, 2024, to which Alderfer responded on April 26, 2024.

6.     On June 26, 2024, taking advantage of the Court's mediation program, the parties participated in a settlement conference facilitated by Magistrate Judge Judith C. McCarthy. My colleague P. Renée Wicklund of Richman Law & Policy attended that conference on behalf of Plaintiff Spindel. Ms. Wicklund submits a separate declaration in Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed concurrently herewith and describing the events at and subsequent to that settlement conference.

7.	I and my colleagues at Richman Law & Policy have extensive experience litigating claims regarding the marketing of shell-egg products, including marketing representations concerning the welfare and treatment of egg-laying hens. The following is a list of cases that I and my firm have previously litigated or are currently litigating on behalf of consumers, whether directly for consumer plaintiffs, or on behalf of consumer watchdog organizations or market participants:

- *Animal Outlook v. Alderfer*, No. 2023-CAB-007338 (D.C. Super. Ct.) (companion case to this action);

- *Reimer v. Eggland's Best*, No. 1:24-cv-11311 (E.D. Ill.)

- *Organic Consumers Association v. Eggland's Best, Inc., et al.*, No. 2024-CAB-001661 (D.C. Super. Ct.);

- *Vilchis v. Eggland's Best, Inc. et al.*, No. 1:24-cv-02073 (N.D. Ill.);

- *Roye v. Eggland's Best, Inc., et al.*, No. 2:24-cv-02083-GW-BFM (C.D. Cal.);

- *Organic Consumers Association v. Noble Foods, Inc. d/b/a The Happy Egg Co. USA*, No. 2020 CA 002009 B (D.C. Super. Ct.);

- *Vital Farms, Inc. v. Handsome Brook Farm, LLC*, No. 3:16-cv-01421-GTS-DEP (N.D.N.Y.);

- *Organic Consumers Association v. Handsome Brook Farm, LLC*, No. 2016-CA-006223-B (D.C. Super. Ct.);

8.	Class representative Jeffrey Spindel is aware of his obligations as class representative. Mr. Spindel has met regularly with counsel regarding discovery, case status, and the Settlement Agreement. Mr. Spindel has prosecuted, and if necessary, will continue to prosecute, the action vigorously on behalf of the Class. Mr. Spindel has reviewed the Settlement Agreement, including both the monetary and the injunctive-style relief, and has given his approval on behalf of the Class he seeks to represent.

9. I have been litigating class actions on behalf of consumers for over a decade. My litigation experience ranges from cases involving corporate fraud and insider trading to those protecting individuals' constitutional and consumer rights. I have been appointed by various courts to represent consumers in numerous actions.

10. Following is a list of some of the cases that I have previously litigated or am currently litigating on behalf of consumers:

- *Gollogy v. Mondelez International Inc.*, No. 1:24-cv-07368 (N.D. Il.) (class action alleging deceptive sourcing promises of cocoa products);

- *West v. Sambazon, Inc. & Ecocert USA*, No. 7:23-cv-02961 (S.D.N.Y.) (class action alleging açaí products are deceptively and falsely advertised as "ethically sourced" because of child labor in the supply chain);

- *McCarthy v. Gorton's, Inc.*, No. 1:22-cv-10599 (D. Mass.) (class action regarding allegedly deceptive marketing of frozen seafood);

- *Goldemberg v. Johnson & Johnson Consumer Cos.*, No. 7:13-cv-03073 (S.D.N.Y.) (class action regarding allegedly deceptive marketing of personal care products as "natural");

- *Ung v. Facebook, Inc.*, No. 112-cv-217244 (Cal. Super. Ct.) (class action alleging improper tracking of social media users' activity across various platforms);

- *Amiel v. EVO Brands, LLC d/b/a Puff Bar and PVG2, LLC d/b/a Puff Bar,* No. 7:24-cv-07327 (S.D.N.Y.) (class action alleging the deceptive and unfair marketing of disposable electronic cigarettes, specifically to youth);

- *Krakauer v. Recreational Equipment, Inc.*, No. 3:22-cv-05830 (W.D. Wash.) (class action alleging that defendant engages in false and deceptive advertising by not disclosing to consumers that its products contain PFAS);

- *Prescott v. Dos Toros LLC*, No. 1:22-cv-02425 (S.D.N.Y.) (class action alleging deceptive marketing and sale of pork and chicken products as "naturally" and "humanely" raised despite the unnatural and inhumane practices used in the raising process of animals used in its products);

- *Herceg v. Chobani, LLC*, 7:22-cv-05137 (S.D.N.Y.) (class action alleging the deceptive marketing and sale of its products as being beneficial to farm workers and animals involved in its supply chain);

- *Dalewitz v. The Procter & Gamble Co.*, No. 7:22-cv-07323 (S.D.N.Y.) (class action alleging that defendant deceptively markets its dental floss products as "Pro-Health" despite the fact that laboratory testing revealed the presence of PFAS indicators);

- *Spindel v. Burt's Bees, Inc.*, No. 4:22-cv-01928 (N.D. Cal.) (class action alleging the deceptive marketing and sale of cosmetic products as "100% Natural/100 Natural Origin" despite containing unnatural PFAS indicators);

- *Marshall v. Red Lobster Management LLC*, No. 2:21-cv-04786 (C.D. Cal.) (class action alleging the deceptive marketing and sale of lobster and shrimp Products as "sustainable");

- *Rawson v. ALDI Inc.*, No. 1:21-cv-02811 (N.D. Ill.) (class action alleging false and deceptive marketing of fresh Atlantic salmon products labeled "Simple. Sustainable. Seafood");

- *Phan v. Sargento Foods Inc.*, No. 3:20-cv-09251 (N.D. Cal.) (class action alleging deceptive "no antibiotics" labeling, marketing, and sale of cheese products);

- *Koh v. The Kraft Heinz Co.*, No. 4:20-cv-0442 (N.D. Cal) (class action alleging deceptive labeling and marketing of "natural" cheese actually made with milk produced with artificial growth hormones);

- *Livingstone v. Colgate-Palmolive Co.*, No. 1:19-cv-04643 (S.D.N.Y.) (class action alleging deceptive and false labeling of dish soap);

- *Thompson v. Proctor & Gamble Co.*, No. 18-cv-60107 (S.D. Fla.) (class action alleging deceptive and false labeling of cleaning products);

- *Mattero v. Costco Wholesale Corp.,* No. 3:18-cv-02871 (N.D. Cal.), and *Gonzalez v. Costco Wholesale Corp.*, No. 1:16-cv-02590 (E.D.N.Y.) (class actions alleging deceptive labeling in connection with laundry detergent and dish soap products);

- *Gregorio v. The Clorox Co.*, No. 4:17-cv-03824 (N.D. Cal.) (class action alleging "greenwashing" of cleaning products);

- *Jones v. Monsanto Co.*, No. 19-cv-00102-BP (W.D. Mo.), and *Blitz v. Monsanto Co.*, No. 17-cv-473 (W.D. Wis.) (class actions alleging deceptive marketing of weed-killer products);

- *Salamanca v. General Mills, Inc.*, No. 3:16-cv-04871 (N.D. Cal.), *Nuez v. General Mills, Inc.*, No. 1:16-cv-04731 (E.D.N.Y.); and *Woloszyn v. General Mills, Inc.*, No. 0:16-cv-02869 (D. Minn.) (class actions alleging deceptive and false labeling of oat products);

- *Stevenson v. Post Consumer Brands, LLC & Post Holdings, Inc.*, No. 1:16-cv-03396 (E.D.N.Y), and *Wu v. Post Consumer Brands, LLC, & Post Holdings, Inc.*, No. 3:16-cv-03494 (N.D. Cal) (class-actions alleging deceptive and false labeling of wheat cereal products);

- *Gibson v. The Quaker Oats Company*, No. 16-cv-04853 (E.D. Ill.) (class action alleging deceptive and false labeling of oat products);

- *Gonzalez v. Costco Wholesale Corp.*, No. 1:16-cv-02590 (E.D.N.Y.) (class action alleging deceptive labeling in connection with laundry detergent and dish soap products);

- *Normand v. Nestle Purina Petcare Co.*, No. 6:15-cv-06141 (W.D.N.Y.) (class action alleging that branded dog food is linked to the poisoning and death of thousands of dogs around the country);

- *Hidalgo v. Johnson & Johnson Consumer Cos.*, No. 1:15-cv-05199 (S.D.N.Y) (class action alleging deceptive labeling of baby care products);

- *Segedie v. The Hain Celestial Group, Inc.*, No. 7:14-cv-05029 (S.D.N.Y.) (class action alleging that infant formula is falsely labeled "organic" because it contains ingredients that are not allowed in "organic" products under federal law);

- *Paulino v. Conopco, Inc.*, No. 1:14-cv-05145 (E.D.N.Y.) (class action alleging that "Suave Naturals" products, which use imagery of "natural ingredients" to convey a supposed benefit of the product, contain harmful and synthetic chemicals in violation of New York and California consumer protection laws);

- *Brenner v. Williams-Sonoma, Inc.*, No. 1:13-cv-10931 (D. Mass.) (class action alleging that defendant gathered customers' ZIP codes during credit card transactions, which it used to build databases for advertising campaigns in violation of the Massachusetts Unfair Trade Act);

- *Rich v. Lowe's Home Centers, Inc.*, No. 3:13-cv-30144 (D. Mass.) (class action alleging violation of Massachusetts Unfair Trade Practices Act and unjust enrichment);

- *Koehler v. Pepperidge Farm, Inc.*, No. 13-cv-02607 (D. Colo.) (class action alleging that snack food labeled "natural" contains genetically modified organisms);

- *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496 (S.D. Fla.) (class action alleging that snack food products labeled "natural" contain genetically modified organisms and synthetic ingredients);

- *In re Simply Orange Orange Juice Marketing & Sales Practices Litigation*, No. 4:12-md-02361 (W.D. Mo.) (class action alleging that orange juice labeled as

"100% pure" and "natural" contains synthetic flavoring and is subject to a high degree of processing);

- *In re Frito Lay North America, Inc. "All Natural" Litigation*, No. 1:12-MD02413 (E.D.N.Y.) (class action alleging that snack food products labeled as "natural" contain genetically modified organisms);

- *Koh v. SC Johnson & Son, Inc.*, No. 5:09-cv-00927 (N.D. Cal.) (class action that introduced the concept of "greenwashing" in violation of California adverting laws);

- *L'Ottavo Ristorante v. Ingomar Packing Co.*, No. 09-CV-01427 (E.D. Cal.) (class action alleging violation of the Sherman Act);

- *Hill v. Roll International Corp.*, No. CGC-09-487547 (San Francisco County Superior Court) (class action alleging violation of California consumer protection laws);

- *Serrano v. Cablevision Systems Corp.*, No. 09-CV-1056 (E.D.N.Y.) (class action alleging violation of CFAA and of New York consumer protection law);

- *Petlack v. S.C. Johnson & Son, Inc.*, No. 08-CV-00820 (E.D. Wis.) (class action alleging violation of Wisconsin consumer protection law);

- *S.K. v. General Nutrition Corp.*, No. 08-CV-9263 (S.D.N.Y.) (class action alleging violation of New York consumer protection laws);

- *Fink v. Time Warner Cable*, No. 08-CV-9628 (S.D.N.Y.) (class action alleging violation of New York consumer protection laws);

- *All-Star Carts & Vehicles Inc. v. BFI Canada Income Fund*, No. 08-CV-1816 (E.D.N.Y.) (class action alleging violation of the Sherman Antitrust Act);

- *Tan v. Comcast Corp.*, No. 08-CV-02735 (E.D. Pa.) (class action alleging violation of the federal Computer Fraud and Abuse Act (CFAA));

- *Bodoin v. Impeccable L.L.C.*, No. 601801/08 (N.Y. Super. Ct.) (individual action alleging conspiracy and fraud);

- *Gaines v. Home Loan Center, Inc.*, No. 08-CV-667 (C.D. Cal) (class action alleging violation of the Racketeer Influenced and Corrupt Organizations Act);

- *Chin v. RCN Corp.*, No. 08-CV-7349 (S.D.N.Y.) (class action alleging violation of Virginia consumer protection law).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of March in Irvington, New York.

Respectfully submitted,

*/s/ Kim E. Richman*
Kim E. Richman

*Attorney for Plaintiff*